## REBECCA ATTEBERRY

### v.

## WILLIAM R. JACKSON, Guardian, etc.

ASSUMPSIT FOR MONEY HAD AND RECEIVED.—If a daughter of a deceased soldier makes an application for a pension, stating that she is the only child, and the pension is paid to her until she is sixteen, and such statement is false, deceased having a younger son, the latter can not maintain against the former an action of assumpsit for money had and received, there being no privity between them. Such action can be maintained only by the government.

APPEAL from the Circuit Court of Wayne county; the Hon. C. S. CONGER, Judge, presiding. Opinion filed October 10, 1884.

Mr. EDWIN BEECHER, for appellant; that where money has been received under a claim of right, and no right of a third party to the same is admitted, but denied, the one from whom it was received can alone sue to recover it back if it was improperly paid, cited Trumbull v. Campbell, 3 Gilm. 502; Hall v. Carpen, 27 Ill. 386; Carpen v. Hall, 29 Ill. 512; Moore v. Moore, 127 Mass. 22; Rand v. Smallidge, 130 Mass. 337; Patrick v. Metcalf, 37 N. Y. 332, 344; Butterworth v. Gould, 41 N. Y. 450, 461, 463; Sergeant v. Stryker, 1 Harrison (N. J.), 464, 466, 471; Congar v. McFarlan, 3 Green (N. J.), 370; Tiernan v. Jackson, 5 Peters, 580.

If the money was improperly paid to defendant the government can recover it back: Fenemore v. U. S., 3 Dallas, 357, 363; Sergeant v. Stryker, 1 Harrison, 466.

Messrs. ROBINSON, BOGGS & JOHNS, and Messrs. CREIGHTON & SIBLEY, for appellee; that assumpsit will lie, cited Allen v. Stenger, 74 Ill. 119; Moore v. Mandlebaum, 8 Mich. 433; Johnson v. Johnson, 33 Ala. 284.

BAKER, J. In March, 1863, the first wife of Wm. H. Murphy died, leaving one child, then Rebecca Murphy, now Rebecca Atteberry, the appellant, who was then five years old. On the 16th of August, 1863, about five months after the death of his first wife, said William H. Murphy married Hattie Baird; and on the 2d of January, 1864, a son, the ward of appellee, was born of said Hattie. William H. Murphy then left his wife and went into the army, and died on the 29th of April, 1864, in the military service of the United States.

After a second marriage of Hattie Murphy, the widow, one Wm. A. Atteberry, guardian of appellant, applied for a pension for her, representing she was the only child of said Wm. H. Murphy, deceased, and received the pension up to September 11, 1878, when she was sixteen years old. The amount so received was $1,400, and was accounted for to her by her guardian after she became of age, less costs, and expenses of guardianship and of collection.

This suit is assumpsit for money had and received, brought against appellant by appellee, as guardian of the child born January 2, 1864, to recover two fifths of the pension moneys received. The inquiry whether or not the ward of appellee is the son of Wm. H. Murphy, deceased, is involved in the controversy; but, in the view we take of the case, it is wholly unnecessary to consider this and several other questions discussed in the briefs.

The judgment of the circuit court was for appellee for $670.27, and costs. Admitting all the facts as claimed by appellee and as found by the trial court, we are of opinion there is no cause of action. If the ward of appellee is legitimate and the son of the deceased soldier, then the statement made in the application for the pension that appellant was the only child, was false, and the pension, or a part of it, was

improperly obtained from the government by means of such false statement, and the right of property in the money being in the government at the time it was so obtained, the United States could sustain an action against appellant for money had and received, and recover such part of the pension as appellant was not entitled to. The law would raise an implied promise to repay the money to the government. If appellee can recover from appellant, it must be upon the theory that the general and absolute title to the money was and is in his ward, and that there was an implied promise to pay it to him. As the general and absolute right of property in the same thing can not contemporaneously exist in several different and distinct persons, the law will not raise two or more implied undertakings to distinct persons, based upon the general, absolute and exclusive right of property in such thing. If there is a right of action in the government, then there can be none in appellee. If money is placed in a defendant's hands to be paid over to a third person, which he agrees to do, such person assenting thereto may sue for it as money had and received to his own use; but if the defendant does not consent to so appropriate it, it is otherwise, there being no privity between them; and the action will lie only by him who placed the money in his hands. 2 Greenl. Ev., Sec. 119.

The United States did not give appellee a right of action against appellant by paying her money which she claimed a right to, in opposition to appellee. If there was fraud or mistake, it was a fraud or mistake by which appellant improperly procured from the government the money of the government.

The money obtained was not the property of appellee or his ward, and it was paid to the guardian of appellant under a claim of a right thereto, and such claimed right was and is adverse to the claim of appellee. It was both paid and received expressly for the use of appellant and under no authority, or pretense of authority, from appellee or his ward. Whatever claim the latter had upon the government was not discharged by the payment to appellant, and if the government has a right of action against appellant, then a judg-

ment in favor of appellee would be no bar to a recovery by it for the same money. We may say, without further elaboration, that the following authorities seem to justify the conclusion we have reached. Trumbull v. Campbell, 3 Gil. 502; Hall v. Carpen, 27 Ill. 386; Carpen v. Hall, 29 Ill. 512; Sergeant v. Stryker, 1 Harrison, 464; Butterworth v. Gould, 41 N. Y., 450; Fennemore v. U. S., 3 Dallas, 357; Moore v. Moore, 127 Mass. 22; Rand v. Smallidge, 130 Id. 337.

The judgment is reversed.

Reversed.