Michael Butz *et al.*

*v.*

Thomas Kerr.

*Filed at Ottawa January 19, 1888.*

1. Taxation—*rule of uniformity—road tax—excluding town authorities from levying within an incorporated city or village.* There is nothing in the present constitution, or in that of 1848, which requires the territorial jurisdiction of a town in respect to taxation for road purposes to be uniform or co-extensive with the territorial limits of the town, and the legislature may limit the authority of the highway commissioners to levy taxes for road purposes to the territory outside of incorporated cities and villages, and prohibit them from the levy of such taxes within the corporate limits of such cities and villages.

2. So where a city charter gives the municipal authorities the exclusive control of all the streets and highways within its limits, with full power to levy taxes to keep them in order, and provides that the town in which the city is situated, or any of the town officers, shall not levy any road tax within the city limits, while such provisions remain unrepealed the commissioners of highways of the town will have no right to levy and collect a road tax within such city, and if it is attempted to be levied, its collection may be enjoined.

3. Repeal of statutes—*by implication.* A statute will never be held to be repealed by implication if it can be avoided on any reasonable hypothesis. A statute will not be repealed by implication unless the subsequent act is so inconsistent and repugnant to its provisions that the two can not stand together.

4. A subsequent general law will not, by implication, operate as a repeal of a special law on the same subject, though inconsistent with it. And a repealing clause of a general statute will not repeal a special one on the same subject, unless a clear intention is manifested that such repealing clause shall embrace special as well as general laws.

Writ of Error to the Circuit Court of Kankakee county; the Hon. Alfred Sample, Judge, presiding.

Mr. H. K. Wheeler, for the plaintiffs in error.

Mr. Daniel H. Paddock, for the defendant in error.

Mr. Justice Mulkey delivered the opinion of the Court:

The defendant in error, Thomas Kerr, filed a bill in the circuit court of Kankakee county, on behalf of himself and other tax-payers and residents of the city of Kankakee, against the plaintiffs in error, Michael Butz and August D. Ehrich, commissioners of highways of the town of Kankakee, and William F. Kenaga, the county clerk, to restrain the collection of a tax of sixty cents on the one hundred dollars levied by the town authorities for road purposes, and extending to persons and property within the corporate limits of the city of Kankakee, in said town. The court having overruled a general demurrer to the bill, and the defendants declining to answer further, a decree was thereupon entered by the court perpetually enjoining the collection of the tax. That decree is before us for review.

Among other things, it is charged in the bill "that the city of Kankakee is a municipal corporation, organized by virtue of a special charter granted by the General Assembly of the State of Illinois, in the year 1865, and that said charter is in full force and effect; * * * that it is provided in and by said charter, that the town of Kankakee, or any of its officers, are hereby prohibited from levying or collecting any road tax within the limits of said city," etc. On the other hand, the city charter, as is shown by the bill, gives the city exclusive control of the streets and alleys, authorizes it to improve and maintain the same, and gives power to raise the necessary funds for such purpose by taxation.

It is manifest that if these provisions of the city charter are in force, the town authorities had no power to levy the tax in question, for that, as we have just seen, is expressly forbidden by the city charter. It is contended, however, that they are in conflict with that provision of the constitution of 1848 which requires "taxes for corporate purposes to be uniform, in respect to persons and property, *within the jurisdiction of the body im-*

*posing* the same." (Sec. 5, art. 9.) This is a misapprehension. The argument is specious and unsound in this, that it assumes the jurisdiction of the corporate authorities of the town, in respect to this subject, is necessarily co-extensive with the territorial limits of the town.    This is not true in fact, hence the conclusion based upon it is erroneous.    There is nothing in the present constitution, or that of 1848, which requires the territorial jurisdiction of a town in respect to taxation for road purposes to be uniform or co-extensive with the territorial limits of the town.  The whole subject, therefore, is left within the jurisdiction and control of the legislature.    That body having expressed its will on the subject, so far as the town of Kankakee is concerned, it only remains to inquire whether there has ever been a repeal of the provisions of the city charter wherein it has so expressed its will.    It is not claimed or pretended that they have ever been expressly repealed, so that if repealed at all it has been done by the adoption of some general law so inconsistent with and repugnant to the provisions of the charter that both acts can not stand together, or by being brought within the repealing clause of some such act, showing a clear intention on the part of the legislature that such repealing clause should embrace special as well as general laws relating to the same subject.    Our attention has not been called to any such general law or repealing clause, and we are aware of none.   We conclude, therefore, that the city charter is still in force.

It is true, counsel for plaintiffs in error claim that the act of 1883 materially modified the general law on this subject, and that such modification calls for a corresponding change in the rulings of this court, as expressed in *Town of Ottawa* v. *Walker,* 21 Ill. 605, *Commissioners* v. *Baumgarten,* 41 id. 254, and other cases.    We do not think this contention is justified by a fair construction of that act.    Moreover, this court is fully committed to the contrary view, by the construction it has already placed upon the act of 1883.    *People ex rel.* v.

*Board of Supervisors of La Salle County,* 111 Ill. 527; *People ex rel.* v. *Chicago and Northwestern Railway Co.* 118 id. 520.

Upon the subject of the repeal of a statute by implication, which is never permitted if it can be avoided on any reasonable hypothesis, we refer to *Bruce* v. *Schuyler,* 4 Gilm. 221; *Board of Supervisors* v. *Campbell,* 42 id. 490; *Hume* v. *Gossett,* 43 id. 297; *City of Chicago* v. *Quimby,* 38 id. 274; *People* v. *Barr,* 44 id. 198.

There may also be mentioned, in this connection, a still more important principle, so far as this case is concerned. It is, that a subsequent general law will not, by implication, operate as a repeal of a special law on the same subject, though inconsistent with it. *Town of Ottawa* v. *County of La Salle,* 12 Ill. 339.

The decree will be affirmed.

*Decree affirmed.*