# THE TOWN OF RUSHVILLE
## v.
# THE PRESIDENT AND TRUSTEES OF THE TOWN OF RUSHVILLE.

*Municipal Corporations—Recovery of Money by—Privity—Payment.*

1. Where one receives money which he is not entitled to retain, the law will, in proper cases, raise an implied promise to repay it to him from whom it came, but there is no such implied promise to perform a duty in respect to it which never rested upon him, but did rest upon the other, to pay to a third party.

2. In such case a party is not compelled at his peril to determine where the money should have gone in the first place, but when satisfied it is not his, he may clear himself of all responsibility by returning it to him from whom he received it, and to whom alone he is accountable.

3. In view of the evidence, this court reverses the judgment for the plaintiff in an action brought by one municipality against another to recover certain money collected for taxes.

## [Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Schuyler County; the Hon. J. J. GLENN, Judge, presiding.

Messrs. W. L. VANDEVENTER and S. B. MONTGOMERY, for appellant.

Messrs. PRENTISS & BAILEY and L. A. JARMAN, for appellee.

WALL, J. This was an action of assumpsit by the appellees against the appellant, in which the judgment was in favor of the former for $1,047.40. The appellees, a corporation under a special charter granted in 1869, is contained territorially in part within the boundaries of appellant.

Certain money derived from taxes collected for road and bridge purposes by the collector of the township from property within the corporate limits of appellee, was paid by the

504    APPELLATE COURTS OF ILLINOIS.

VOL. 39.]   · Town of Rushville v. President, etc., of Rushville.

collector; one-half to the treasurer of appellee and the other half to the treasurer of the highway commissioners of appellant.

The appellee claiming that all the money thus collected was, by the terms of the charter, payable into its treasury, brought this suit to recover the sum thus realized by appellant.

We have heretofore held that the provision of the charter of appellee in respect to the proceeds of the road and bridge tax on property within its bounds, was not abrogated by the act of 1883, and· that appellee was entitled to the whole of said tax, and we see no occasion to recede from the position then taken. See 32 Ill. App. 320.

Assuming that the collector erroneously paid one-half of the collection to appellant and that he should have paid it all to the appellee, the question arises whether the appellant can be required to pay it to appellee.

We think not. There is no privity. The mere fact that the collector paid the money to appellant does not discharge him from his duty to pay it to appellee. He is still the debtor of appellee to that extent, but appellant need not answer appellee in regard thereto. It may, perhaps, be required to refund to the collector, but it is under no promise or duty to appellee.

Where one receives money which he is not entitled to retain, the law will, in proper cases, raise an implied promise to repay it to him from whom it came, but there is no such implied promise to perform a duty in respect to it which never rested upon him, but did rest upon the other, to pay to a third party.

He is not compelled, at his peril, to determine where the money should have gone in the first place; but, when satisfied it is not his, he may clear himself of all responsibility by returning it to him from whom he received it, and to whom alone he is accountable.

The plaintiff's theory is, that the money was received by the defendant for the use of the plaintiff; but the fact is, that the defendant received it under circumstances indicating, not that it was for the plaintiff's use, but rather for its own. In 2

Greenleaf on Evidence, Sec. 119, it is said that where money is placed in the hands of a defendant to be paid over to a third person, which the defendant agrees to do, such third person may sue for it as money had and received to his use; " but if·the defendant did not consent to so appropriate it, it is otherwise, there being no privity between them, and the action will lie only by him who placed the money in his hands." In the present case, the money was paid, no doubt, under the impression that it rightfully belonged to defendant, and the facts rebut any suggestion that the defendant was receiving it for the plaintiff's use.

In Butterworth v. Gould, 41 N. Y. 450, certain money was due under a contract between the plaintiff and the Postmaster General of the United States, for carrying the mails; and a portion thereof, for which the action was brought, was paid to the defendant by the treasurer of the United States. Such payment was made after adverse claims on the department by the plaintiff and defendant, respectively. It was held the defendant was not liable to pay it to the plaintiff, and the court, quoting from the opinion in the former case of Patrick v. Metcalf, 37 N. Y. 332, said: "Where two claimants for the same service apply for payment to the party bound to pay the same, one of whom is recognized as the person entitled to payment, and is paid to the exclusion of the other, who is in fact entitled to payment, the party so excluded derives no right, from the circumstances, to the money paid to his competitor. It is not money received to his use, for payment thus made does not in any respect affect his right still to call on his debtor for payment to himself, and it makes no difference whether such debtor is an individual or the government."

To the same effect is Sergeant v. Stryker, 1 Harrison, 464, where a sheriff had paid a reward for the apprehension of an escaped prisoner to the defendant, who was not entitled to it, and was sued therefor by the plaintiff, who had really apprehended the fugitive.

So in Moore v. Moore, 127 Mass. 22, where the defendant's intestate had received money as his own from an execu-

tor, who paid it under a mistaken interpretation of his testator's will, it was held he was not liable therefor to the plaintiff to whom the executor should have paid it.   A similar ruling will be found in Rand v. Smalledge, 130 Mass. 367.

In Trumbull v. Campbell, 3 Gilm. 502, the plaintiff sought to recover money paid the defendant by the State, which the plaintiff claimed the State should have paid him for certain services, and it was held he could not recover.   So it was ruled in Hall v. Carpen, 27 Ill. 386, and Carpen v. Hall, 29 Id. 512, where the plaintiff and defendant had each sent cattle to market, which were sold by the same broker, who in accounting with the parties paid the defendant too much, and the plaintiff precisely the same amount too little.   The same principle is announced in Neill v. Chessen, 15 Ill. App. 267, and in Atteberry v. Jackson, 15 Ill. App. 276.

We are of opinion no right of action appears herein, and the judgment will therefore be reversed.   The cause will not be remanded.

*Judgment reversed.*