## City of Charleston v. Commissioners of Highways of the Town of Charleston.

1. HIGHWAY TAX—*Erroneously Paid Over by the Collector—Action for.*—An action will not lie in favor of a city, the territory of which is wholly within a township, against the commissioners of highways of the township, to recover one-half of the tax required to be levied by sections 13 and 14, Clt. 121, R. S., and collected for road and bridge purposes on the property lying within an incorporated village, town or city in which the streets and alleys are under the care of the corporation, erroneously paid over by the collector to the treasurer of the highway commissioners.

Memorandum.—Assumpsit. Error to the Circuit Court of Coles County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The statement of facts is contained in the opinion of the court.

F. K. DUNN and J. W. CRAIG, attorneys for plaintiff in error.

A. J. FRYER, attorney for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellant brought assumpsit against the appellee to recover one-half of the road and bridge tax collected within the city limits.

The declaration averred that the territory of the city is wholly within the town, and that the commissioners of highways have annually levied a tax upon all property in the town, including the city, and the tax so levied has been extended, collected and paid over to the treasurer of the commissioners of highways.

The Circuit Court sustained a demurrer to the declaration, and plaintiff not desiring to amend, judgment was rendered for defendant.

By Secs. 13 and 14 of Ch. 121, entitled "Roads and

Bridges," the board of highway commissioners are authorized to levy taxes for road and bridge purposes upon property within the town.

It is provided by section 16 that "one-half of the tax required to be levied in sections 13 and 14, and collected for road and bridge purposes on the property lying within an incorporated village, town or city in which the streets and alleys are under the care of the corporation, shall be paid over to the treasurer of such village, town or city."

The money is collected by the town collector and it is his duty to pay one-half of it to the city treasurer, but as is here alleged, he paid it all to the treasurer of the highway commissioners.

Will an action lie in favor of the city against the commissioners?

We had occasion to consider a similar question in the Town of Rushville v. The President and Trustees of the Town, etc., 39 Ill. App. 503, and reached the conclusion that the plaintiff could not recover.

We think that the views there expressed are applicable here and that the ruling of the Circuit Court should be sustained. Judgment affirmed.