Scott v. Allen.

---

### Geo. C. Scott et al. v. John Allen et al.

1. ROADS AND BRIDGES—*Injunction by Tax Payers—Allegations and Proofs.*—Where a bill in equity is filed by persons claiming to be tax payers to enjoin the building of a bridge by the commissioners of high ways, the burden of proof is upon such persons to show that they are tax payers.

2. SAME—*Right of Tax Payer to an Injunction.*—A tax payer can maintain a bill to restrain the creation of an illegal debt, against the authorities of a town or city.

Memorandum.—Bill for injunction. Error to the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding. Heard in

this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

F. E. ANDREWS, attorney for plaintiffs in error.

BENNETT & GREEN and H. C. WARD, attorneys for defendants in error.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a bill in equity filed by defendants in error alleging that they were tax payers in the town of Lyndon, in Whiteside county, against the plaintiffs in error, highway commissioners of said town, and a committee of three supervisors of said county, enjoining them from building a certain bridge across Rock river, a stream separating said town of Lyndon and Prophetstown, in said county, the town of Lyndon being on the north and Prophetstown on the south of said river.

Also to enjoin the town clerk and supervisors of the town of Lyndon from issuing bonds, to be issued to build a bridge across the river connecting the two towns, or certifying a tax to raise money to build the bridge, and to restrain the county clerk from extending any tax so levied, and the county treasurer from paying out any money of said county for the building of said bridge.

The bridge was being built by said county of Whiteside and said town of Lyndon, under sections 19 and 23 of the Road and Bridge Act. Hurd's Revised Statute, 1203-4 and 1205.

The main grounds of complaint set up in the bill were that the town of Lyndon had no authority or jurisdiction to proceed to build the bridge under said section 23, for the reason that at the point on the south and opposite the said town of Lyndon is Prophetstown, and the north end of the proposed bridge is in the corporate limits of the incorporated village of Lyndon, wholly situated in said town of Lyndon; and that said bridge would be built at the foot of Green street, which street is wholly in said village and outside the jurisdiction of the town of Lyndon; and it is further averred

Scott v. Allen.

that the highway commissioners of Lyndon, as required by statute, never solicited the commissioners of Prophetstown to enter into a joint contract to build the bridge.

The bill was demurred to, which was overruled by the court and appellants answered. By the answer the plaintiff in error neither admitted nor denied that the complainants were tax payers as alleged, but called for strict proof thereof. Admits the election by the voters of Lyndon appropriating the sum of $10,000 for building the bridge. It also admits the legal steps were taken to obtain county aid, the granting of the aid of one-half the expense by the county, and the letting the contract to build the bridge. The answer denies that the allegation of the bill that the commissioners of highways of Prophetstown did not refuse to enter into a contract with the commissioners of highways of Lyndon was true, but on the contrary avers they did so refuse; sets up that by ordinance of the village of Lyndon, jurisdiction was given over Green street at the point where the bridge was to be erected to the commissioners of highways of the town of Lyndon, and in fact that at the point where the bridge was to be built at the foot of Green street and to the center of the river, the village had not any jurisdiction, said points not being inside its corporate limits, but that the same was in the town of Lyndon.

The court heard the case on the evidence and found the equities in favor of the complainants, the defendants in error, and granted the injunction prayed for in the bill and made it perpetual. To reverse such decree this writ of error is sued out.

The decree will have to be reversed. There is no evidence in the record that defendants in error were tax payers within the town of Lyndon or the county of Whiteside, and they were expressly put on their proof of that allegation by the answer.

The plaintiff in error can not insist on his demurrer as he did not abide it, but pleaded over, thereby waiving it. But in such case we have no doubt a         r has a right to maintain his bill in equity. Cooley on Taxation, 548; Colton

v. Hanchett, 13 Ill. 15; Drake v. Phillips, 40 Ill. 388; Ottawa v. Walker, 21 Ill. 605; Buts v. Kert, 123 Ill. 659.

The defendants in error take the burden of proof by the allegations of their bill that the point where the north end of the bridge was to rest was not within the jurisdiction of the town of Lyndon. This we think they have failed to do. The evidence shows that the village authorities have never recognized it as being in its jurisdiction, and that the town authorities have recognized it as being in its jurisdiction. The evidence as shown by the plats of the village and the oral evidence accompanying them show that the boundary of the village only extended to the bank of the river and not to the center of the stream.

Without passing on the question as to the right of the village to give the town jurisdiction of a street within the village limits in such manner as to give the town under the statute the right to build the bridge in question, we think the evidence failed to sustain the decree in the particulars above named.

The decree is therefore reversed and the cause remanded.