## School Directors v. School Trustees.

1. SCHOOL MONEYS—*Action Against Trustees by Directors, etc.*—An action does not lie in favor of the directors of a school district, against the township trustees of another township, for moneys claimed by the district to have been wrongfully paid to said trustees by the collector. If the collector has not paid the money to the parties entitled to it, he is still responsible to them. There is no privity between the district directors and the township trustees; they must look to the collector.

Assumpsit.—Money had and received. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

CHARLES W. SPRINGER and WM. F. HERNDON, attorneys for appellant.

JAMES M. GRAHAM, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
The appellant brought assumpsit against the appellee to recover money alleged to have been collected by taxation from a tract of land lying in township 15 — 5, which tract it was claimed was a part of school district 4, township 15 — 6, as originally known and laid off, by virtue of a transfer from township 15 — 5, now designated as above, — 4 — 15 — 5 and 6. The position of the plaintiff was that after the transfer the taxes raised from this land were still paid the treasurer of said township 15 — 5, and should therefore be accounted for by that township to the plaintiff. The case was tried by the court, a jury being waived, and the judgment was for defendant from which this appeal was prosecuted.

We find no exception preserved in the bill of exceptions to the judgment of the court.

It is true the judgment order entered by the clerk shows that the plaintiff did except, but as has uniformly been held, the exception, to be efficient on appeal, must be preserved by bill of exceptions.

For this reason, if for no other, we ought to affirm the judgment.

Regarding the case on its merits, however, we find no evidence upon which the plaintiff could rightfully recover.

It does not appear that the directors of the plaintiff district ever certified what amount must be raised for the district, in pursuance of Sec. 5, Art. VIII, of Chap. 122, nor that any tax was ever computed on said land by the county clerk for the benefit of said district or that the clerk ever advised the treasurer of township 15 — 5, of the amount due each district or fraction of a district in his township, as is provided in the succeeding sections.

In other words it is not shown that any tax was ever laid upon the land in question, which this district had a right to claim, unless it can be inferred from the fact that in two or three instances the tax collector's book contained a memorandum showing that a certain part of the land in Sec. 6 — 15 — 5, was in district 4 — 15 — 5 and 6, the amount apportioned for land in that district being stated in dollars and cents. Aside from these instances there is nothing from which it could be supposed that any tax which this district could claim had been laid on this land.

Referring again to Art. VIII, Ch. 122, it will appear, by Sec. 9, that when the township treasurer receives the clerk's certificate provided for in Sec. 8, he shall present it to the collector, who shall pay him accordingly; and by Sec. 10, when a district is in two or more townships the directors shall, in writing, inform the collector of each township which of the township treasurers shall receive the moneys belonging to their district. By Sec. 11 it is provided that if the collector shall fail to pay according to the provision of Sec. 9 the township treasurer or other authorized person shall proceed against the collector on his official bond. Thus the law provides a specific and particular way by which the director may obtain money by special taxation for the purpose of maintaining schools, and we think when they seek to recover money due them in their official character they should be required to show that it is money which they have a

right to claim by virtue of a substantial compliance on their part with law.

The mere fact of the memorandum or classification showing an apportionment of a part of the tax raised on the land in Sec. 6 — 15 — 5, in district 4 — 15 — 5 and 6, for the two or three years named is, as we think, hardly sufficient proof of their legal right to the fund. Such a memorandum is too vague and indefinite for the purpose. ·

But can the action be maintained against the township trustees? We think not. The collector, if he has not paid the money to the parties entitled, is still responsible to them. His action in paying to a wrong treasurer amounts to no payment so far as the proper claimant is concerned. He is responsible still to the proper claimant, and to him only should that claimant look. There is no privity between the district directors and the township trustees. Town of Rushville v. Prest. & Trustees, etc., 39 Ill. App. 503; City of Charleston v. Comrs., etc., 52 Ib. 41.

The judgment will be affirmed.