## William Rankin et al. v. Henry Cowden et al.

1. AUSTRALIAN BALLOT LAW—*Does Not Apply to School Elections.*— The act of the general assembly to provide for the printing and distribution of ballots, commonly called the Australian ballot law, was not

intended to apply to elections to establish high schools or to issue bonds to construct buildings in which to hold the same.

2. STATUTES—*Repeals by Implication.*—If the act of 1891, commonly called the Australian ballot law, repeals the provisions of the school law of 1889, relating to elections for high schools, such repeal is by implication, and such repeals are not favored in law.

3. REPEALS—*Prior Statutes by Implication.*—A prior statute will not be held as repealed by implication by a subsequent statute unless the provisions of the two are so inconsistent that they can not stand together.

4. SAME—*General and Special Laws—Presumptions.*—The Australian ballot law is a general law, while the one providing for high school elections is special and relates only to one subject; the presumption that the legislature, by a general law, does not intend to affect the provisions of a prior act relating to a special subject prevails, unless the intention is manifested in express language, or there is something which shows that such intention was turned toward the special act for the purpose of embracing the special cases within it.

**Bill for Injunction.**—Appeal from the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

GRIER & STEWART, attorneys for appellants.

KIRKPATRICK & ALEXANDER, attorneys for appellees.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery by appellants to enjoin the isuance and negotiation of $5,000 of bonds voted to build a high school building in township ten, range four, in Henderson county.

The bill alleges that on the 13th of April, 1895, an election was held in the above mentioned township upon the proposition to establish a high school for the township, at which more votes were cast for the proposition than against it, and that it was declared carried by the judges. That the election was not held under the Australian ballot law of 1891, but under sections 38 and 39 of the school act; that afterward, and in pursuance of such election, an election was held to elect a " township board of education, " at which appellees were elected such board; that appellees, claiming to be the township board of education, called a special elec-

tion to vote on the proposition to issue $5,000 of the bonds of the township for the purpose of constructing a high school building, which proposition was carried. That the last mentioned election was not held under the Australian ballot law, and that appellees are about to issue and negotiate said bonds. The bill charges that the elections mentioned are null and void because not held under the Australian ballot law.

The Circuit Court sustained a demurrer to, and dismissed the bill at the costs of the complainants therein.

The only question presented for our decision, is whether the elections are illegal because not conducted under the Australian ballot law of 1891.

We do not think that law was intended to apply to either of the elections mentioned in the bill. If the law relating to such elections, as provided by the school act of 1889, is to be held repealed by the first mentioned act, it must be by implication. Repeals by implication are not favored. A prior statute will not be held as repealed by implication by a subsequent one unless the provision of the two are so inconsistent and repugnant that they can not stand together. The people ex rel. etc., v. Bar, etc., 44 Ill. 198; Harding v. R. R. I. & St. L. R. R. Co., 65 Ill. 90; Hunt v. The Chicago Horse and Dummy Ry. Co., 121 Ill. 638; Butz et al. v. Kerr, 123 Ill. 659.

It should be borne in mind also, that the Australian ballot law is a general law, while the one providing for the kind of election involved in this controversy is special and relates only to one subject. The presumption that the legislature, by a general law, does not intend to affect the provisions of a prior act relating to a special subject, prevails, unless that intention is manifested in express language, or there is something which shows that the intention of the legislature was turned toward the special act with the intention of embracing the special cases within it. Litchfield Coal Co. v. Taylor, 81 Ill. 590; Village of Hyde Park v. Oakwood Cemetery Association, 119 Ill. 141; Butz et al. v. Kerr, 123 Ill. 659; McCormick v. People ex rel., 139 Ill. 499; Transch v. County of Cook, 147 Ill. 534.

Since the submission of this case and its decision by us in conference, the Supreme Court has filed an opinion in a quo warranto proceeding, begun in the Circuit Court of Henderson County to test the right of appellees in this case to hold the office of members of the township board of education. In the opinion the Supreme Court holds the elections which are involved in this controversy to have been properly held. See opinion in The People ex rel. v. Henry Cowden et al., 160 Ill. 557. Decree affirmed.