## City of Olney, for the use, etc., v. Charles G. Gaddis, Treasurer, etc.

1. PRIVITY—*Does Not Exist Between a Taxpayer and Treasurer.*— There is no such privity existing between a taxpayer and the treasurer of the commissioners of highways as will enable the former to maintain a suit to recover money paid by him as taxes to the proper collector and by him paid to such treasurer.

Assumpsit, for money paid, etc. Appeal from the Circuit Court of Richland County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

H. C. FERRIMAN and ALLEN & FRITCHEY, attorneys for appellant.

H. G. MORRIS, attorney for appelllee.

Pointon v. St. Louis, A. & T. H. R. R. Co.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit by appellant against appellee, in the Circuit Court of Richland County, to recover from appellee certain moneys which had been assessed against the property within the limits of the city of Olney and had been collected by William Parker, the county collector, and by him paid over to appellee, Charles J. Gaddis, as treasurer of the commissioners of highways of the town of Olney. Appellant claims that said collector should have paid the moneys over to William J. Cummings, as treasurer of the city of Olney.

To the declaration, appellee pleaded non-assumpsit. Trial was before the court without a jury, by agreement. The finding of the court was in favor of appellee and judgment was rendered against appellant for costs.

This record discloses no right of action in appellant against appellee. There is no privity. This exact state of case was before the Appellate Court of the Third District, in the Town of Rushville v. The President, etc., of Rushville, 39 Ill. App. 503, in which the authorities are cited and discussed at length, and was again before the same court in City of Charleston v. Commissioners of Highways of the Town of Charleston, 52 Ill. App. 41.

The principal question raised and urged in appellant's brief can not be determined in this case, and a discussion of that question by this court, at this time, can serve no proper purpose.

The judgment of the Circuit Court is affirmed.