James T. Coen, Administrator, Appellant, v. Selinda W. Cotterell, Appellee.

1. ADMINISTRATION OF ESTATES—*sections 18 and 46 construed.* While section 18 of of the Administration Act was enacted at a later date, and did not repeal section 46, both sections being part of the same Act should be read together, and all provisions thereof given effect, if possible.

2. ADMINISTRATION OF ESTATES—*when section 46 does not apply.* If an appointment of an administrator has been made pursuant to section 18 of the Administration Act, section 46 of such Act has no application.

3. ADMINISTRATION OF ESTATES—*when appointment of public administrator proper.* No application for letters having been made within sixty days after the death of the intestate by any of those parties given the preferential right of administration, *held,* that the appointment of the public administrator was proper.

Petition for revocation of letters of administration. Appeal from the Circuit Court of Richland county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1909. Reversed. Opinion filed November 13, 1909.

Statement by the Court.   On June 2, 1908, appellant as public administrator filed a sworn petition in the Probate Court of Richland county setting forth that one Samuel Cotterell had died in said county on the 15th of March, 1908, intestate, leaving personal estate of not exceeding in value twenty-five hundred dollars; that he left surviving him three daughters and three grandsons, his heirs at law residing in said county, but no widow; that all of the heirs were of age except one, a grandson aged nineteen years.

It was further averred, all said heirs had failed and refused to ask that administration be granted on said estate and had lost their preference to administer; that petitioner had been informed there were creditors of the estate; that as public administrator he had an interest therein and wished the assets conserved and prayed that letters of administration be granted him.

Upon a hearing of the petition the Probate Court made an order finding that more than seventy-three days had elapsed since the death of Samuel Cotterell and no administration had been had or applied for; that deceased left personal estate of the value of two thousand dollars and that administration be had and letters issued to the public administrator and ordered letters to issue. Letters accordingly issued. Appraisers were appointed and adjustment day fixed for the first Monday of August following.

On July 21, 1908, appellee, a daughter of the intestate, filed her petition in the Probate Court asking to have the order appointing the public administrator set aside and his letters revoked. The substance of her petition was that the intestate left an estate of forty acres of land and personal estate of the value of one thousand dollars; that he requested it be divided without administration after the payment of funeral expenses and a small indebtedness. That thereafter by agreement of all the adult heirs, and of the guardian of the minor, appellee took possession of all the personal property.

It was alleged that appellant had no interest in the estate; that his petition had not been filed by any person interested in the estate nor on behalf of any creditor or person interested, and the court had no jurisdiction of said petition or of the estate. It was further alleged there were no debts of said estate and in addition to a revocation of appellant's letters of administration, appellee prayed the estate be awarded to her.

Upon a hearing of this petition by the Probate Court, the prayer was denied and the petition dismissed. Appellee carried the case to the Circuit Court where upon a hearing, the order of the Probate Court denying the prayer of the petition was reversed and an order entered revoking the letters of appellant, discharging him as administrator and awarding all the personal property to appellee.

In the Probate Court, a demurrer was filed to appellee's petition which was as recited in the order of the Circuit Court there renewed and overruled. The order recites appellant stood by his demurrer and was called and made default and evidence was heard.

The petition was sufficient to raise the question whether the appointment of appellant as administrator was proper and while it contained much immaterial matter there was no error in overruling the demurrer and hearing the question of the legality of the appointment on the evidence which was heard and it was shown appellant had no interest in the estate except that he was the public administrator. It was further shown Samuel Cotterell died intestate in Richland county leaving real and personal estate there situated and also leaving children and grandchildren all of age except one residing in that county.

J. C. RITTER, for appellant.

R. B. WITCHER and JOHN LYNCH, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

If the appointment of appellant administrator was not legal and proper the order entered by the Circuit Court to the extent that it revokes such order and discharges appellant as administrator should be sustained.

It will be observed from the foregoing statement that more than sixty days elapsed from the death of

Samuel Cotterell before application was made by appellant for letters, and that no heir, creditor or other person interested filed the petition asking for such appointment nor was it filed on behalf of any creditor or person interested.

Section 18 of chapter 3 entitled "Administration of Estates" is as follows:

"Administration of the estate of all persons dying intestate shall be granted to some one or more of the persons hereinafter mentioned and they are respectively entitled to preference thereto in the following order:

1st. To the surviving husband or wife or any competent person nominated by him or her.

2nd. To the children or any competent person nominated by them.

3rd. To the father or any competent person nominated by him.

4th. To the mother or any competent person nominated by her.

5th. To the brothers or any competent person nominated by them.

6th. To the sisters or any competent person nominated by them.

7th. To the grandchildren or any competent person nominated by them.

8th. To the next of kin or any competent person nominated by them.

9th. To the public administrator or to any creditor who shall apply for the same.

"Provided, that only such persons as are entitled to administer under this act shall have the right to nominate. When several are claiming and are equally entitled to administration, the court may grant letters to one or more of them, preferring relatives of the whole to those of half blood. Preference and the right to nominate under this act must be exercised within sixty days from the death of the intestate, at the expiration of which time administration shall be granted to the public administrator.

"In all cases where the intestate is a non-resident, and in all cases where there is no widow, husband or

next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent is a bona fide resident of this State, administration shall be granted to the public administrator; and in all cases where any contest shall arise between the widow, heirs at law or next of kin of the decedent in relation to the grant of letters, and it shall appear to the court that the estate of said decedent is liable to waste, loss or embezzlement administration to collect shall be granted to the public administrator of the proper county to administer such estate until said contest is determined. No administration shall in any case be granted until satisfactory proof shall be made to the County Court to whom application for that purpose is made that the person in whose estate letters of administration are requested is dead and died intestate.

"Provided, That when the heirs are residents of this State and the estate is solvent and without minor heirs and it is desired by the parties in interest to settle the estate without administration this law shall not apply. And further provided, that no non-resident of this State shall be appointed or act as administrator or executor."

It seems to be the policy of the law that administration should be had upon the estate of all persons dying intestate except as provided in the proviso. This case does not come within the proviso, there being one minor heir, and it was proper for the Probate Court on proper application to appoint some person coming within the qualifications provided in section 18.

It will be seen by this section certain persons only are authorized to act and nominate and are given preferences in the order named from the first to the ninth clauses. When none of the persons from the first to the eighth clause inclusive exercise the right to administer, or to nominate some one to act within sixty days from the death of the intestate, administration shall be granted to the public administrator.

Counsel for appellee insist this section is to be read in connection with section 46 of the same act. It reads

as follows: "Whenever any person dies seized or possessed of any real estate within this State or having any right or interest therein has no relative or creditor within this State who will administer upon such deceased person's estate, it shall be the duty of the County Court upon application of any person interested therein to commit the administration of such estate to the public administrator of the proper county."

And it is insisted that by this section the appellant as public administrator could not be appointed administrator by the Probate Court in the absence of an application by some person interested therein.

Section 18 while enacted at a later date did not repeal section 46, and both sections being parts of the same act, should be read together and all the provisions given effect if possible.

"Repeal by implication is not favored and if two statutes claimed to be inconsistent can be construed so that each may be enforced that course will be followed." Butz v. Kerr, 123 Ill. 659; Cook v. Gilbert, 146 id. 268.

Manifestly by section 18, supra, where no preference or right to nominate by the persons preferred is exercised by them within sixty days from the death of the intestate in a case like this, the right to administer is conferred upon the public administrator without the application of any person interested.

We are of opinion that by section 46, supra, where no administration is had upon an estate and the intestate has no relative or creditor in the State who will administer it is the duty of the Probate Court upon application of any person interested to appoint the public administrator and this applies where there had been no administration and where no relative or creditor within the State will administer in order that the estate may be administered, but it has no application to a case where there has already been an appointment under section 18. If there has been such appointment

under section 18, the conditions to be remedied by section 46 do not exist.

We are of opinion the order of the Circuit Court in revoking the letters of appellant and ordering the property of the intestate to be turned over to appellee was erroneous and the order of the Circuit Court is reversed and the order of the County Court in dismissing the petition of appellee is sustained and affirmed.

*Reversed.*