Trumbull, J. The right of the town of Jacksonville to levy and collect a tax upon money loaned by the inhabitants of said town, is the only question involved in this case. That a corporation, which is a mere creature of the law, can only exercise such powers as are conferred upon it by the act of incorporation, is a well settled doctrine. Let us then inquire what powers have been granted the town of Jacksonville, upon the subject of taxation. The 9 th section of an act, the better to provide - for the incorporation of the town of Jacksonville, approved February 10,1849, declares, that “the Board of Trustees shall have power and authority to assess and collect taxes uniform in respect to persons and property, for corporate purposes, upon all the real and personal estate within said town.” Here the power to assess and collect taxes is expressly given, but it is insisted that the power to assess and collect a tax upon all personal estoedoes not include the power to tax money loaned; in other words, that-money loaned is not personal estate. We cannot assent to this proposition. The term all.personal estate, in its ordinary sense, is understood to include loaned money, as well as every other species of personal property. This view of the case is strengthened by the fact, that the general revenue law in force at the time the act in question was passed, expressly declares that"the term “personal property ”—a term of similar import to that of “ personal estate ”—shall be construed to include “all .moneys on hand and moneys'loaned whether within or without the State.” When the legislature passed the act authorizing the Board of Trustees of the town of Jacksonville to assess and collect a tax, upon all the personal estate within said town, it is but reasonable to suppose that the term “ personal estate ” was understood to have the same meaning as had previously been given to a similar term, used in the general law, upon the subject of taxation. There is another reason why the term “ personal estate,” should be construed to include money loaned, and every other species of personal property. The constitution of the state expressly declares, that the mode of levying a tax shall be by valuation, “so that every person and corporation shall pay a tax in proportion to the value of his or her property.” Under this provision the legislature would have no power to exempt from taxation one species of personal property, while it collected a tax from another, within the same jurisdiction, and it is never to be presumed that the legislature intended to pass a law which should be contrary to the Constitution, either in its letter or spirit. To restrict the term “personal estate” within narrower limits than would embrace every species of personal property, would, to say the least, render the validity of the law doubtful, if it did not make it wholly void, as being repugnant to the constitution. We cannot doubt that the Board of Trustees of the town of Jacksonville had authority, under their act of incorporation, to assess and collect a tax upon money in hand, or money loaned in or out of said town, by the inhabitants thereof. The decree of the Circuit Court, enjoining the collection of the tax in question, is therefore reversed, and the bill dismissed. Judgment reversed.