NICHOLAS HUNSAKER, Sheriff of Alexander County, and the COUNTY COURT OF ALEXANDER COUNTY, Plaintiffs in Error, v. JOHN H. WRIGHT, and CHARLES DAVIS, Trustees, etc., Defendants in Error.

ERROR TO ALEXANDER.

The legislature has no power, under the constitution, to exempt any person or class of persons from the payment of taxes. But it may commute a tax for a payment of money or other equivalent, and is the sole judge of the propriety and value of such equivalent.

THIS was a bill filed in the Alexander Circuit Court, by the defendants in error, at the June term thereof, 1860, for an injunction to stay the plaintiffs in error from proceeding to collect the county taxes assessed by the County Court, upon property within the limits of the city of Cairo.

The bill alleges that complainants were owners of Cairo property in 1859.

That by act of 1857, of the legislature, the city was incorporated.

That in 1859 the legislature passed an act providing for the extension of the limits of Cairo.

That said act further provides that real and personal property within the limits of the city of Cairo shall on certain conditions be exempt from taxation for county purposes.

The defendants filed their demurrer to this bill, relying upon the constitutional provision that taxes must be levied and assessed with uniformity as to persons and property, for county purposes.

The court overruled the defendants' demurrer, and injunction made perpetual.

This cause is brought by writ of error to this court by defendants below, who assign for error:

The court erred in overruling the demurrer.

The decree was given for complainants below, when, by the laws of the land, it should have been for respondents.

Complainants' bill is not sufficient in law.

WM. J. YOST, and J. DOUGHERTY & SON, for Plaintiffs in Error.

The defendants in error filed their bill, claiming, as property holders of the city of Cairo, to be exempt from the payment of taxes for county purposes by virtue of the act of the legislature of 1859, amendatory of the Cairo city charter.

This act is in conflict with the ninth article, second and fifth sections of the State constitution. Constitution of 1848, Art. 9, Secs. 2 and 5; *O'Kane* v. *Treat et al.*, 25 Ill. 561.

WILLIAM H. GREEN, for Defendants in Error.

WALKER, J.   This was a bill exhibited, to enjoin the collection of the county tax levied on the real and personal property within the corporate limits of the city of Cairo. A demurrer was filed, but was overruled by the court, and the injunction made perpetual. And the cause is brought to this court to reverse that decree.

The bill alleges, that by the charter of the city, it is provided, that its inhabitants shall be exempt from performing labor on the roads beyond the city limits, or taxes to procure labor for such purpose, and the property within the city should be exempt from taxes levied for county purposes; provided the city should support the resident paupers thereof, and pay the expenses of the Circuit Court in all criminal cases, for offenses committed by citizens, and all jail fees accruing therefrom. The bill alleges, that the County Court had levied the same rate of taxes upon property in the city, as on other property beyond its limits, for county purposes, although the city has complied with the provision of their charter exempting property owned in the city from a county tax. That complainants reside, and the property upon which the tax is imposed, is situated, in the city.

The grounds urged for the reversal of the decree are, that these provisions of the charter are in conflict with the second and fifth sections of the ninth article of the State constitution. That under these sections, the General Assembly are powerless to make such exemptions from taxation. The first of

these sections declares that " The General Assembly shall provide for levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his or her property." The latter provides that " The corporate authorities of counties, townships, school districts, cities, towns and villages, may be vested with power to assess and collect taxes for corporate purposes, such taxes to be uniform in respect to persons and property, within the jurisdiction of the body imposing the same."

These provisions were manifestly inserted in the fundamental law, for the purpose of insuring equality in the levy and collection of the taxes to support the government, whether levied for State, county or municipal purposes. The design was to impose an equal proportion of these burthens upon all persons within the limits of the district, or body imposing them. Under these provisions the legislature has no power to exempt or release a person, or community of persons, from their proportionate share of these burthens. Not having such power themselves, they are unable to delegate such power to these inferior bodies. In the case of *O'Kane* v. *Treat et al.*, 25 Ill. 561, it was held, that a provision exempting persons residing in a city from a tax levied to repair roads beyond the city limits, by township authority, was repugnant to the constitution.

But it is urged, that this provision does not prevent the legislature from commuting such a tax for an equivalent burthen. That in commuting such a tax with a county, city or other corporate body, or with an individual, the General Assembly are to be the sole judges of the sufficiency of the equivalent to be received in lieu of the tax. It is obvious, that if they may commute at all, they must be the sole judges of its propriety, and their acts are not subject to the revision of any other power in the State. If this power is possessed, it is liable to many and great abuses.

This question is, however, not one of first impression in our jurisprudence. In the case of *The State Bank* v. *The People*, 4 Scam. 303, which arose under the old constitution, the question of the power to commute a tax, was presented and deter-

mined by the court. It was there held, that the legislature might exercise such a power, it not being prohibited by the constitution. It is true that case arose under a different instrument, but its provisions were essentially the same as those in the present constitution, so far as they relate to equality in taxation.

This question was again presented under the present constitution, in the case of *The Illinois Central Railroad* v. *The County of McLean,* 17 Ill. 291. It was there held, that the General Assembly had the power to commute the *ad valorem* tax on the property of the company, for a certain per centage on the gross receipts of the road. These cases fully recognize this principle. It is true they were both private and not municipal corporations. But the principle is the same. In fact the exercise of the power in favor of a municipal corporation is less objectionable than with a private body, as in the former, the provision is subject to repeal at any time, whilst with the latter it assumes the character of a contract. The exercise of this power depends upon a different principle, from the right simply to exempt bodies of persons or classes of property from this burthen.

In the case of *Trustees* v. *McConnell,* 12 Ill. 138, it was held, that in levying a tax, within a corporate body, it must be uniform within the limits of that body. That the legislature could not exempt articles, or classes of property. The same rule was announced in *O'Kane* v. *Treat.* In these cases, there was no pretense of a commutation, but it was simply an effort unconditionally to make an exemption from the payment of taxes. They clearly announce the correct rule in such cases.

The court below committed no error, in rendering the injunction perpetual, and the decree is affirmed.

*Decree affirmed.*