THE BOARD OF SUPERVISORS OF McDONOUGH COUNTY *et al.*

*v.*

JAMES M. CAMPBELL *et al.*

1. COMMUTATION — *exemption from taxation.* The legislature of Illinois is authorized to commute with persons or corporations in regard to taxation In 1857, the legislature, by its charter to the city of Macomb, exempted the county of McDonough from taxation for the support of city paupers and the prosecution of city criminals, and provided that in consideration thereof all the real estate in the city and the personal property of the inhabitants thereof were exempt from taxation for county purposes, except payment of railroad debt: *Held,* that the legislature has authority to make such commutation.

2. INJUNCTION — *bill to restrain collection of tax.* When city property is commuted, an injunction will lie to restrain the collection of a county tax levied by county authorities upon such city property. Thus, where the charter of the city of Macomb commuted all property therein from payment of county tax, except for payment of railroad debt, and the legislature subsequently passed a law authorizing McDonough county to make appropriations for bounties to volunteers, and directed the same to be paid as other county indebtedness, — *held,* that a bill in chancery would lie to enjoin the collection of a tax for such purpose in the city of Macomb, on the ground of exemption by the commutation clause in the charter.

3. STATUTE — *repeal by implication.* Repeals by implication are never favored, and it is only where two acts are so inconsistent with each other that both cannot stand, that the latter is considered as repealing the former.

APPEAL from the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Messrs. Palmer & Hay, for the appellants.

Messrs. C. F. Wheat & D. G. Tunnicliff, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

This was a bill in chancery filed by certain property holders of the city of Macomb, in the county of McDonough, to enjoin the collection of a bounty tax levied on property in Macomb, in common with the other property in the county. It appears, that, by section four of article fourteen of the city charter, passed in 1857, the county was exempted from taxation for the support of city paupers and for the prosecution of city criminals, and in consideration thereof all the real estate in the city, and the personal property of the inhabitants thereof, were exempted from taxation for county purposes, except for payment of the railroad debt. That this species of commutation can be authorized by the legislature is settled by this court in *Illinois Central Railroad* v. *McLean County*, 17 Ill. 291, and *Hunsaker* v. *Wright*, 30 id. 146. On the 6th of February, 1865, the legislature passed a law authorizing the board of supervisors of the county to make appropriations for bounties to volunteers for the army, and directing that " the expenditures and appropriations made by virtue of this act shall be collected and paid out as other county indebtedness." Under this law the board of supervisors levied a tax upon all the property in the county, and the complainants have filed this bill to enjoin its collection in the city of Macomb, on the ground that they are exempted from it by the commutation clause in their charter.

It is urged that a tax of this character was not in contemplation of the legislature or the parties, at the time this commutation was agreed upon, and that this tax should not be regarded as within the spirit of the exempting clause in the charter. That a tax of this specific character was not anticipated is undoubtedly true, but, at the same time, if the legislature had intended to confine the exemption to such county

taxes as were then levied, it would have been easy to do so, and we must presume it would have done so.

The legislature knew perfectly well that new occasions and objects for taxation would be continually arising, and it nevertheless used language so comprehensive in its character as to include every species of county tax, without reference to the purpose of its levy. The language of the charter is, that "all the real estate within said city, and all the personal property of the inhabitants of said city, shall be exempt from all taxes for county purposes." If this be a tax for a county purpose, we can only say that it falls within the exact language of the exemption. There is no room for construction. There is no ambiguity. The legislature have used language bearing an unmistakable import, and we have no power to give it a different meaning. We must concede the law to mean what it says.

It is also urged that the law in regard to bounties repealed the provision of the charter by implication. But repeals by implication are never favored, and, in the absence of an express repealing clause, it is only when two acts are so inconsistent with each other that both cannot be executed, that the latter is considered as repealing the former. *Town of Ottawa* v. *La Salle County,* 12 Ill. 339. In the present case, there is no inconsistency between the bounty law and the charter, that would justify the court in holding the exemption clause of the charter repealed. It is true, the bounty law was to be submitted to the vote of the people of the county, without excluding the inhabitants of Macomb, but, although there may have been an obvious impropriety in permitting them to vote, this certainly could not operate as a repeal of the former law. It is hardly correct to say, as suggested by counsel, that the people of Macomb are thus allowed, by their own voice, to impose a burden upon the residue of the county, for the benefit of themselves, since the law left to the board of supervisors the discretion to distribute the bounty money as they should think proper; and it appears by the record that they passed a resolution providing that no inhabitant of Macomb

should receive any portion of it unless the tax should be levied on the property of that city. If the law had required the board of supervisors to distribute the fund *pro rata* among the townships, including the city of Macomb, instead of giving the board a discretion, there would have been some force in the argument on this point.

It is also suggested that this was not in fact, but only in form, a county tax; but the law provides that the appropriations under the act " shall be collected and paid out as other county indebtedness." Besides, as urged by the complainant's counsel, if it was not a county tax, the county would have no right to levy and collect it. The appropriations were to be made by the county authorities out of the county treasury, and the tax to meet them was to be levied and collected by the county. That it was intended the city should enjoy the exemption provided for in the charter is probable, from the fact, that, at the same session of the legislature at which this law was passed, there was also another act passed, authorizing the city of Macomb to levy a tax for a similar purpose. There is, certainly, nothing unreasonable or inequitable in the assertion by the city of its claim to exemption under the charter, since it appears by the record that no portion of the appropriation has been applied to the payment of volunteers credited to Macomb.

It is also urged that the exemption clause of the charter is a violation of the constitutional equality of taxation, since, while the personal property of the inhabitants was exempted, such personal property as might be in the city belonging to non-residents would not be. But we cannot see that this question properly arises in this case. If a record should come before us, in which non-residents were complaining that their property was being taxed, while other property, of the same kind, and similarly situated, was not, this question would arise. But such is not this case.

On examining the original injunction, which was made perpetual by the final decree, we find that it enjoins the collection of the tax on the real estate in the city belonging to the complainants, and also the tax on the personal property " assessed

against any of said complainants, as inhabitants of said city, and liable to taxation by said city." If there is any personal property in the city belonging to persons who are not inhabitants, and subject to this tax, the county, which is the appellant here, is not enjoined by this proceeding from collecting any tax it may have levied upon it. If, among the numerous complainants in the bill, there are any non-residents, owning personal property, left liable to the tax by the decree, we can only say they have not appealed from the decree, and do not complain of it. If they desire to complain of the alleged inequality, and to claim the benefit of the exemption, let them take the proper steps. But the county is not injured by an exception in her own favor. We could not hold, if the question were properly before us, that the entire commutation clause in the charter was void. The real question would be, whether it would not have to be so construed as to include the personal property of non-residents as well as residents.

The decree must be affirmed.

*Decree affirmed.*