NELSON CARD *et al.*

*v.*

HUBERT A. McCALEB *et al.*

SAME *v.* SAME.

1. ILLINOIS AND MICHIGAN CANAL—*power of commissioners to sell or lease right to take ice from.* Neither the act of 1871 nor that of April 7, 1872, relating to the Illinois and Michigan Canal. gives any specific authority, or contains any grant of power, from which any authority in

the commissioners can be inferred to sell or lease the right to take the ice that may form in any portion of the canal.

2. SAME—*persons upon its line have a free right to take ice formed on it.* There is nothing in either of the acts of 1871 or 1872 relating to this canal which is inconsistent with, or which, by implication, repeals the privilege given in the act of 1869 to all persons resident upon the line of the canal to cut and remove ice from the same, its feeders, side cuts and basins, free of charge.

3. SAME—*meaning of the words "resident upon the line of the" canal.* Under the act of 1869, providing that "all parties resident upon the line of the Illinois and Michigan Canal shall be allowed to cut and remove ice from the said canal," etc., any person living so near the canal as to desire to avail of the privilege given, will be deemed to live upon the line, within the meaning of the law.

4. STATUTE—*repeal by implication.* A repeal by implication only takes place where the provisions of two enactments are repugnant; but whenever a reasonable construction can be given by which both acts may stand, it will be done.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

These two cases were actions of trespass, brought by Nelson Card and Owen W. Huff, partners, etc., against Hubert A. McCaleb and Henry Holmes. The plaintiffs claimed the exclusive right to cut and remove the ice from a certain part of the Illinois and Michigan Canal, under a lease giving such right from the Board of Canal Commissioners of the State of Illinois, and these actions were brought by them against the defendants for entering and removing ice from that portion so leased to the plaintiffs. The court below sustained a demurrer to the plaintiffs' declaration, and rendered judgment in favor of the defendants, from which the plaintiffs prosecuted appeals.

Messrs. ELDRIDGE & LEWIS, for the appellants.

Messrs. BUSHNELL & BULL, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The same questions being presented in each of these causes, they have been consolidated, by consent of parties, and will

be heard as one cause. The confusion appearing in the record has been removed by stipulation, so that really the only point for decision is, whether the lease of the date of October 17, 1871, conferred upon appellants the exclusive right to cut and remove all ice that should form on that portion of the Illinois and Michigan Canal described in the declaration, with the privilege to control the feeder and side cuts of the canal located in Ottawa. The lease was made in consideration of an annual rental to be paid by appellants, and by its terms was to run for a period of seven years.

It is claimed the commissioners derived the power to make the lease under the second section of the act of 1871, which authorizes them "to take charge of and exercise full control over the Illinois and Michigan Canal." Among the duties specified in that section, there is no specific authority given to lease or sell the ice that might form in any portion of the canal.

The object the legislature had in the passage of that act was, "to settle up and close the trust of the board of trustees." This is the purpose expressed in the title, and it was not contemplated it would apply to the general management of the affairs of the canal.

The act of April 7, 1872, defines more minutely the duties of the commissioners, yet it confers no express authority to sell or lease the ice. Whilst all other duties required of them to be performed are specifically set forth, there is no allusion to the subject of renting the privilege of taking ice from the canal, nor do we find in it any grant of power that necessarily includes it.

There is certainly nothing in either act alluded to incompatible with the law of 1869. It provides : "All parties resident upon the line of the Illinois and Michigan Canal shall be allowed to cut and remove ice from the said canal, its feeders, side cuts and basins, free of charge." This law is not inconsistent with the acts of 1871 and 1872, and is not, therefore, expressly or by implication, repealed by anything

contained in either of these enactments. Each may stand and be construed to be in force for the purposes intended. No intention was manifested by the General Assembly to repeal the law of 1869. And in *The City of Chicago* v. *Quimby*, 38 Ill. 274, it was declared, a repeal by implication only takes place where the provisions of two enactments are repugnant; but wherever a reasonable construction can be given, by which both acts may stand, it will be done. *Tyson* v. *Postlethwaite*, 13 Ill. 728.

It is objected, it does not appear in the declaration the defendants are "resident upon the line" of the canal, and that the court will not take judicial notice of the fact. The objection is hypercritical. Any one living so near the canal as to desire to avail of the privilege given by the statute, will be deemed to "live upon the line," within the meaning of the law.

The State had previously granted the privilege to all who desired to avail of it, to cut and remove ice from the canal, its feeders, side cuts and basins. That privilege had never been retracted, and the commissioners possessed no power to sell the exclusive right to appellants to remove the ice from any distinct portion of the canal, to the exclusion of other parties resident upon its line. This is a subject over which the State has plenary power, and, until it withdraws the privilege granted, all persons have an equal right to cut and remove any ice that may there be formed.

The rulings of the court on the demurrers filed were correct, and its judgments are affirmed.

*Judgments affirmed.*