## Anderson & Lind Manufacturing Company, v. Walin Construction Company et al., Appellants. George J. Berresheim, Trustee, and Fred W. Brummel, Appellees.

### Gen. No. 25,066.

1.   STATUTES, § 155*—*what is effect of repealing act re-enacting former provisions.* Provisions of a repealing act which are re-enactments of provisions of the repealed act will be considered as continued in force and not as new enactments.

2.   STATUTES, § 184*—*what is effect of Torrens Act as repealing Lien Act.* Since the Torrens Act (J. & A. ¶ 2284 *et seq.*), which was enacted after the Mechanic's Lien Act of 1895 (J. & A. ¶ 7139 *et seq.*), expressly recognizes the latter and contains no section enacted to repeal it, it must be understood that the legislature intended the two acts to be interpreted with reference to each other and that such interpretation should be , placed upon them to render both effective, if possible, and that neither was intended to be repugnant to the other.

3.   MECHANICS' LIENS, § 93*—*when contractor may enforce lien improperly filed.* Notwithstanding a general contractor seeking to establish a mechanic's lien on property, the title to which was registered under the Torrens Act (J. & A. ¶ 2284), failed to comply with the requirements of section 89 of that Act (J. & A. ¶ 2365), as to filing a statement of claim, where he did comply with the requirements of the Mechanic's Lien Act (J. & A. ¶ 7145), he is entitled to enforce his lien as against the owner and as against the trustee under a deed of trust and the holder of notes secured thereby who acquired their interest in the property prior to the making of the general contract but failed to make such interest effective by filing the trust deed with the registrar until after the general contract was made.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed and remanded with directions. Opinion filed June 2, 1920.

MAX M. GROSSMAN, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

380    APPELLATE COURTS OF ILLINOIS.

Anderson & Lind Mfg. Co. v. Walin Const. Co., 218 Ill. App. 379.

ALBERT H. MEADS, for appellees.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The complainant, Anderson & Lind Manufacturing Company, filed its bill against the Walin Construction Company, one Bassett, the owner, and certain mortgagees and mechanic's lien claimants, in which it sought to establish a mechanic's lien for the sum of $429.70 against certain premises, title to which is registered under the Torrens Act. ·

The defendant, Walin Construction Company, filed an answer in the nature of an intervening petition in which it alleged that it had entered into a contract with the owner, Bassett, to furnish labor and materials for the carpenter work on the building in question; that it fully completed the work; that a balance of $950 is due said Construction Company, on said contract, and remains unpaid and that a balance of $429.70 remains due and unpaid to complainant for materials furnished. The Construction Company further alleged that it completed the contract on or about December 20, 1916, and that on January 30, 1917, it caused to be filed in the office of the clerk of the circuit court of Cook county a notice of mechanic's lien in due form of law.

The cause was referred to a master who found that the allegations set up by the Construction Company in its intervening petition were true. The master further found that the Construction Company did not file "a statement of its claim in the office of the registrar of titles of Cook county, as required by section 89 of the Torrens Act (J. & A. ¶ 2365)," by reason whereof it was not entitled to a mechanic's lien on the premises in question for the moneys found to be owing it.

The master further found that the complainant Manufacturing Company and certain other mechan-

ic's lien claimants were entitled to the liens sought by them and recommended that they be allowed.

The chancellor entered a decree confirming the master's report and dismissing the intervening petition of the Construction Company for want of equity, from which decree the Construction Company has perfected this appeal. The owner of the property has not appeared in this court. The only appellees are George J. Berresheim and Fred W. Brummel, the former being trustee under a trust deed and the latter the holder of the note secured thereby, said trust deed being dated July 1, 1916, and registered in the office of the registrar of titles, January 6, 1917. These appellees acquired their interest in the property previous to the making of the contract by the appellant Construction Company. The rights of subsequent purchasers, creditors or other lienors are, therefore, in no way involved in this case.

Although the Construction Company did not file the statement of its claim for lien in the office of the registrar of titles, it appears that a record or memorandum of the filing of its statement of claim, in the office of the clerk of the circuit court of Cook county, appears to have been entered on the register of the certificate of title to the premises in question in the registrar's office. We do not deem this important, however, for in our opinion, assuming that the Construction Company failed to comply with the provisions of the Torrens Act but did comply with the provisions of the Mechanic's Lien Act, it would be entitled to enforce its lien as against the owner of the property and it would also be entitled to enforce its lien against the mortgagee appellees because they acquired their interest in the property in question prior to the making of the general contract (at which time the mechanic's lien attached under the provisions of the Lien Act), but they failed to make their interest effective by filing their trust deed with the registrar (as re-

382       APPELLATE COURTS OF ILLINOIS.

Anderson & Lind Mfg. Co. v. Walin Const. Co., 218 Ill. App. 379.

quired by the Torrens Act) until after the making of the general contract.

In support of their contention that the Construction Company has no lien because it failed to comply with the statute as to filing a memorial with the registrar of titles, appellees call our attention to *Hacken v. Isenberg*, 210 Ill. App. 120. In that case certain lien claimants sought to enforce their liens against property, title to which was registered under the Torrens Act, and the rights of subsequent purchasers, creditors or other lien claimants were not involved, the owner of the property being the only party in interest, other than the claimants. We there held that inasmuch as the property against which it was sought to enforce the liens was property which had been registered under the Torrens Act, the lien claimants must have complied with the requirements of the Torrens Act as to mechanics' liens in order to successfully prosecute their claims for liens. We certified that case to the Supreme Court on a certificate of importance and the decision of that court has been rendered since the appeal in the case at bar was perfected and the briefs filed. The decision of this court in the case cited was reversed by the Supreme Court on a point not in any way involved here. The ruling of this court on the point above referred to was modified by the Supreme Court, which held that the owner could not defeat the action of the lien claimants even though they may not have complied with the provisions of sections 89 and 90 of the Torrens Act (J. & A. ¶ 2365, 2366) provided they had complied with the provisions of the Mechanic's Lien Act, inasmuch as the rights of subsequent purchasers, creditors or other lien claimants were not involved. *Hacken v. Isenberg*, 288 Ill. 589.

In their decision of that case the Supreme Court held (as did this court) that while the Mechanic's Lien Act of 1903 repealed the Act of 1895, still many

of the provisions of the Act of 1903 were re-enactments of the provisions of the Act of 1895 and therefore were to be considered as continuing in force and not as new enactments; that such is the case as to practically all of the provisions of section 7 of the two acts; that the Torrens Act, enacted after the Mechanic's Lien Act of 1895 (J. & A. ¶ 7139 *et seq.*), in express terms recognizes that act and contains no section enacted with a view to repeal any section of the Mechanic's Lien Act; that it must therefore be taken that "the legislature intended both acts to be interpreted with reference to each other, and that such a construction should be put upon them that both acts would be effective, if possible, and that neither of them was intended to be repugnant to the other." The court further held that the main object of the Torrens Act "is to compel the  *  *  *  party interested in the title of the record owner to register his title or interest in the registrar's office, in order that subsequent purchasers or parties dealing with the title may have notice of such title or interest. A careful examination of the whole act will clearly disclose that sections 89 and 90 of our Torrens Act, when considered with the provisions of the Mechanic's Lien Act, were particularly enacted in the interest of parties who might become purchasers or otherwise interested in the land of the owner of the registered title after mechanics' liens had attached. They were not intended to enable any record owner to defeat a lien given by the Lien Act."

The Supreme Court, assuming that the lien claimants had never complied with the sections referred to by filing their claims or notice of their liens in the registrar's office, although they had filed a notice of *lis pendens* under the provisions of section 84 of the Torrens Act (J. & A. ¶ 2360), held that "appellants' defense under the Torrens law could not be

384    APPELLATE COURTS OF ILLINOIS.

Anderson & Lind Mfg. Co. v. Walin Const. Co., 218 Ill. App. 379.

sustained,'' as petitions for liens were filed within the 2 years mentioned in section 7 of the Lien Act.

The record of the case at bar presents much the same situation.

The intervening petitioner filed its petition within the period prescribed in section 7 of the Lien Act. No rights acquired after the making of the contract are involved here, but the only interest involved on this appeal, other than that sought to be established by the intervening petitioner, is the interest of the owner and that of the mortgagees under the mortgage dated July 1, 1916, and recorded in the office of the registrar of titles on January 6, 1917. The intervening petitioner entered into its contract with the owner on or about July 21, 1916. Under the provisions of section 1 of the Liens Act (J. & A. ¶ 7139) its lien attached as of that date and is therefore prior to that of the appellees which, under the provisions of section 54 of the Torrens Act (J. & A. ¶ 2337), did not become effective until January 6, 1917, the date they registered their trust deed.

For the reasons stated the decree of the trial court is reversed and the cause is remanded to that court with directions to enter a decree as prayed for in the intervening petition of appellant, the Walin Construction Company.

*Reversed and remanded with directions.*

MR. JUSTICES TAYLOR and O'CONNOR, concur.