(No. 36530.—

THE PEOPLE *ex rel.* John J. Kelly, County Collector, *et al.,* Appellants, *vs.* ROGER W. LUND, Appellee.

*Opinion filed September 28, 1962.*

WILLIAM J. BAUER, State's Attorney, WILLIAM V. HOPF, Assistant State's Attorney, LEONARD BOSGRAF and JOSEPH A. DONOVAN, all of Wheaton, for appellants.

ROBERT F. MARQUARDT, of Lombard, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Roger W. Lund is the owner of a lot that lies within the boundaries of both the Winfield Fire Protection District and the city of Wheaton. For the years 1956, 1957, 1958 and 1959, taxes for fire protection services levied by both municipalities were extended against the objector's lot. His objections to both of the levies for each of the years in question were sustained on the ground that they subjected him to double taxation. The county collector of Du Page County and both municipalities have appealed directly to this court.

The facts were stipulated. Winfield Fire Protection District was organized in 1940 under the Fire Protection District Act, (Ill. Rev. Stat. 1959, chap. 127½, pars. 21-38.1) and from the outset the property now owned by the objector has been included in the district. When the district was organized that property was vacant, and it was part of a larger tract that was subsequently subdivided and annexed to the city of Wheaton on September 6, 1955, at the request of its then owner. The objector purchased his lot in 1956. In 1952 the district issued bonds which have not been fully retired. The objector does not dispute his liability for taxes levied to retire the outstanding bonds. The fire protection facilities of both the district and the city are available to furnish fire protection to the objector's property.

The parties have argued the case in terms of constitutional rights and obligations. In support of the judgment of the trial court holding both tax levies invalid, the objector

relies upon the decision of this court in *People ex rel. Jourdan* v. *Illinois Central Railroad Co.* 282 Ill. 29, and upon observations of the kind made by the court in *People* v. *Cain,* 410 Ill. 39, 51, and other cases. Both municipalities take the position that double taxation is not involved because the taxes are levied by different governmental units, and they also assert that sections 9 and 10 of article IX of the constitution require each municipality to levy its fire protection tax upon all of the taxable property within its limits. For either municipality to omit to tax the objector's property would, they say, violate these provisions of the constitution.

We are of the opinion, however, that the Fire Protection District Act itself, read in the light of constitutional implications, furnishes an adequate basis for a decision of the question presented. In that statute the General Assembly has shown its awareness of the danger that double taxation might result from the existence of the new taxing bodies whose creation it authorized, and it has sought to guard against that danger. With respect to the possibility of duplicate taxation by a fire protection district and a city, village or incorporated town, the act has contained the following provision since 1949:

"11b. In case any fire protection district organized hereunder is coterminous with or includes within its corporate limits in whole or in part any pre-existing city, village or incorporated town authorized to provide protection from fire and to regulate the prevention and control of fire within such city, village or incorporated town and to levy taxes for any such purposes, then such city, village or incorporated town shall cease to exercise any such powers as necessarily conflict with the powers to be exercised by such district in respect to such fire protection and regulation within the fire protection district from and after the date that it receives written notice from the Director of Public Safety to cease the operation of its fire protection facilities and the exercise of such powers, which notice shall be given only after the

Director of Public Safety has ascertained that the Fire Protection District has placed its fire protection facilities in operation. Such city, village or incorporated town shall not thereafter own, operate, maintain, manage, control or have an interest in any fire protection facilities located within the corporate limits of the fire protection district, except water mains and hydrants and except as otherwise provided in this Act. The Director of Public Safety, upon request of the Board of trustees of any Fire Protection District, shall ascertain whether the District's fire protection facilities are in operation so that it may supersede the power of any city, village or incorporated town to operate fire protection facilities within the boundaries of the District. Where in any case any pre-existing city, village or incorporated town is in fact owning, operating and maintaining fire protection facilities located within the corporate limits of a fire protection district organized under this Act, such city, village or incorporated town shall be paid and reimbursed for its actual expenditures and for all existing obligations incurred, including all pension and annuity plans applicable to the maintenance of fire protection facilities theretofore made in establishing such facilities and in acquiring, constructing, improving or developing any such existing facilities in the manner provided for by this Act. The terms of payment shall provide for reimbursement in full within not less than twenty years from the date of such agreement." Ill. Rev. Stat. 1959, chap. 127½, par. 31b.

The statute thus recognizes the possibility of overlapping boundaries when, as here, a part of a city is included in a fire protection district. It provides that in such a situation the city is not to exercise any powers, including the power to levy taxes, that conflict with the powers of the fire protection district. The statutory provisions for an administrative determination that the fire protection district's facilities are in operation are not significant in this case, for it is agreed that the facilities of the district are available. Nor

do the statutory references to "pre-existing" cities bar the application of the statute to the present situation. There is no doubt that the city of Wheaton existed prior to the formation of the district in 1940, and so was "pre-existing" in the ordinary sense. Only if the reference to a "pre-existing" city is read to refer not to the city of Wheaton but to its boundaries as they existed when the fire protection district was formed, would there be any doubt that the statute specifically covers this case. But there is no justification for such a reading, for other provisions of the statute make it plain that the only situation in which a part of a city may be included in a fire protection district is the precise situation involved here—where a city, by annexation, has taken in a part of the fire protection district. A newly organized fire protection district cannot include a part of a city, because such a district must be "* * * (4) so situated that it does not divide any city, village or incorporated town". (Ill. Rev. Stat. 1959, chap. 127½, par. 21.) Nor can a fire protection district annex a part of a city, since the territory to be annexed to a district must have the characteristics set forth in the section relating to the organization of districts. (Ill. Rev. Stat. 1959, chap. 127½, par. 23.) Thus, a part of a city can be included within a fire protection district only where the city has annexed a portion of the district.

Nor do we find in the statute any violation of the provisions of sections 9 and 10 of article IX of the constitution. Both of these sections provide that the taxes levied by municipal corporations "shall be uniform in respect to persons and property, within the jurisdiction of the body imposing" the taxes. Their purpose is to guard against injustice in the taxing process, not to require it. "Jurisdiction" does not mean territorial jurisdiction, (*Butz* v. *Kerr,* 123 Ill. 659) and it has been held that these sections of the constitution do not preclude the General Assembly from making adjustments that recognize that one governmental unit, rather than another, has been made responsible for the discharge

of a particular governmental function. (See *Hunsaker* v. *Wright,* 30 Ill. 146; *Board of Supervisors* v. *Campbell,* 42 Ill. 490 *Wetherell* v. *Devine,* 116 Ill. 631, 642; *Raymond* v. *Hartford Fire Insurance Co.* 196 Ill. 329.) By section 11b of the Fire Protection District Act the General Assembly has taken away from the city of Wheaton jurisdiction over fire protection within the overlapping area.

It follows that the county court of Du Page County correctly sustained the objections to the fire protection tax levied by the city of Wheaton for the years in question, but that the objections to the taxes levied by the Winfield Fire Protection District should have been overruled. The judgment of that court is therefore reversed and the cause is remanded with directions to enter judgment in accordance with this opinion.

*Affirmed in part and reversed in part and remanded, with directions.*