(No. 36991.—)

THE PEOPLE ex rel. GEORGE J. MEYERS, County Collector, Appellee, vs. EDGE O TOWN MOTEL CORP., Appellant.

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 29, 1962.*

ALVIN LIEBLING, of Rockford, for appellant.

WILLIAM R. NASH, State's Attorney, and WILLIAM H. GATES, Assistant State's Attorney, both of Rockford, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Like *People ex rel. Kelly* v. *Lund*, 25 Ill.2d 387, this case presents a problem that stems from the overlapping boundaries of a city and a fire protection district. The objector, Edge O Town Motel Corporation, owns land in the city of Rockford that also lies within the boundaries of the Cherry Valley Fire Protection District. Taxes levied by the district for the year 1959 were extended against this land. The city of Rockford taxes extended against it for the same year also included amounts levied for fire protection services. It was stipulated that "exactly the same kind and variety of fire protection services were provided" by the district and by the city. The objector has appealed directly from a judgment overruling its objection to the 1959 tax levy of the district upon the ground that it dupli-

cates "the lawful tax by the City of Rockford for said fire protection service."

The objector's property was located within the boundaries of the district prior to its annexation to the city in 1955. Before the annexation, the district had incurred bonded indebtedness which was finally retired from the proceeds of the 1958 tax levy. In 1958 the district issued new bonds, the last installment of which will mature in 1967.

The objector's basic position is that the two municipalities may not both constitutionally levy a tax upon its property for an identical governmental service. It does not dispute the validity of the tax levied by the city. As to the district's tax, however, it argues that the annexation of its property to the city of Rockford in 1955, necessarily, as a matter of constitutional law, effected a disconnection of its land from the district. It concedes that it remained liable for taxes levied to retire bonded indebtedness incurred by the district prior to the date of annexation, but because all of the bonds of the district that were outstanding in 1955 had been retired in 1958, it asserts that the taxes levied by the district for 1959 were illegal.

What was said in *People ex rel. Kelly* v. *Lund,* 25 Ill.2d 387, disposes of this contention. As was there pointed out, the legislative intention is plain that when the boundaries of a fire protection district and those of a city overlap, fire protection services in the duplicated area are to be rendered by the fire protection district and the city is to cease the performance of those functions, including the levy of taxes for fire protection purposes. In this case the objector has not attacked the tax levy of the city of Rockford, and its attack upon the levy of the fire protection district is rebuffed by the statute. It follows that the judgment of the county court of Winnebago County overruling the objections to the tax levy of the fire protection district was correct.

*Judgment affirmed.*